IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 13 AM 11: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| JOHN N. HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-2863  Ml/P |
| | ) | |
| PUBLIC PROPERTIES MANAGEMENT, | ) | |
| INC., PPM I PARTNERSHIP, L.P., | ) | |
| PPM IV PARTNERSHIP, L.P., | ) | |
| PPM V PARTNERSHIP, L.P., | ) | |
| PPM VIII PARTNERSHIP, L.P., | ) | |
| DAVID S. WOLFE, INDIVIDUALLY | ) | |
| AND IN HIS OFFICIAL CAPACITY, | ) | |
| HAROLD E. SMITH, DAVE W. DOGAN, | ) | |
| STEPHEN SMITH, LAUREN L. REAGER, | ) | |
| M.D., WELLS FARGO BANK AS | ) | |
| TRUSTEE OF THE LAUREN L. REAGER, | ) | |
| M.D. PENSION PLAN TRUST, | ) | |
| SUNBURST BOLTON, LLC, MICHAEL | ) | |
| JONES, AND KENNETH JONES, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER GRANTING DEFENDANTS LAUREN L. REAGER AND WELLS FARGO BANK
AS TRUSTEE OF THE LAUREN L. REAGER, M.D. PENSION PLAN TRUST'S
MOTION TO DISMISS**

---

Before the Court is the Motion to Dismiss or, in the
Alternative, to Transfer Venue of Defendants Lauren L. Reager,
M.D. ("Dr. Reager") and Wells Fargo Bank as Trustee of the Lauren
L. Reager, M.D. Pension Plan Trust ("Wells Fargo"), filed April
18, 2005.  Plaintiff filed a response to the motion on May 18,
2005.  Defendants Michael Jones and Kenneth Jones also filed a
response in opposition to the motion on May 18, 2005.  Defendants

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-13-05

459

Dr. Reager and Wells Fargo filed a reply on June 2, 2005. For the following reasons, the motion to dismiss as to Dr. Reager and Wells Fargo for lack of personal jurisdiction is GRANTED.

## I. BACKGROUND

The instant case relates to a real estate transaction involving former business partners, Plaintiff John Hooper and Defendant David Wolfe, regarding the purchase of certain commercial real estate property in Pico Rivera, California, in the mid-1990's. Mr. Hooper and Mr. Wolfe had worked together in real estate since 1986. Generally, Mr. Hooper would analyze the value of commercial real estate and determine whether a given property should be purchased, and Mr. Wolfe would arrange the financing for the projects.

Mr. Wolfe is the sole shareholder of Public Properties Management, Inc. ("PPM, Inc."), a Tennessee corporation. PPM, Inc. is the general partner of numerous Tennessee limited partnerships bearing similar names, including PPM I Partnership, L.P. ("PPM I"), PPM III Partnership, L.P. ("PPM III"), PPM IV Partnership, L.P. ("PPM IV"), PPM V Partnership, L.P. ("PPM V"), and PPM VIII Partnership, L.P. ("PPM VIII").

Plaintiff alleges that Mr. Wolfe agreed to obtain financing to purchase the property and that profits from the transaction would be split evenly between the two men. After Plaintiff completed the due diligence work with the assistance of Defendants Kenneth and Michael Jones ("the Joneses") and

recommended that the property be purchased, however, Plaintiff discovered that Mr. Wolfe had purchased the Pico Rivera property for himself through PPM III. Mr. Wolfe allegedly created PPM, Inc., which was made a general partner to PPM III, with Mr. Wolfe as the sole limited partner of PPM III.

Defendant Dr. Reager, an associate of Mr. Wolfe, financed the transaction via a loan of $1.7 million issued by the Lauren L. Reager, M.D. Pension Plan Trust administered by Trustee Wells Fargo Bank. Dr. Reager resides in Los Angeles, California, and practices medicine in Santa Monica, California. Wells Fargo, the trustee of Dr. Reager's Pension Plan Trust, is a Delaware corporation with no branches or offices in Tennessee.

Plaintiff subsequently sought from Mr. Wolfe a fifty percent interest in the Pico Rivera property. Plaintiff alleges that Mr. Wolfe refused and stated that unless Plaintiff and the Joneses shared a forty percent interest in the property, he would have Dr. Reager foreclose on the loan to PPM III, thereby leaving Plaintiff and his associates with nothing. Plaintiff agreed to a less than fifty percent interest in PPM III, assertedly in order to protect his interests, and filed suit against Defendants. Therefore, prior to Plaintiff's suit, PPM III had title to the Pico Rivera property, with PPM, Inc. as the general partner and Messrs. Wolfe, Hooper, Jones, and Jones as limited partners.

This case was originally brought by Plaintiff in the United States District Court for the District of Connecticut. After the

case was transferred to the Western District of Tennessee, Plaintiff filed a second amended complaint, adding PPM III and the Joneses as defendants. The Joneses were voluntarily dismissed without prejudice on March 23, 2001. On January 29, 2002, Plaintiff voluntarily dismissed PPM III as a defendant, without prejudice, because Plaintiff was a limited partner of PPM III and therefore diversity jurisdiction may have otherwise been jeopardized.

On December 16, 2002, this Court ordered the Pico Rivera property to be sold to a third party, leaving PPM III with $1.7 million in net proceeds from the sale, to remain in escrow while the litigation proceeded. On March 18, 2003, Plaintiff moved to file a Third Amended Complaint and to join four additional defendants: PPM V, Dr. Reager, Wells Fargo, and Sunburst Bolton, LLC. (See Mot. to Am. Compl. and for Joinder of Add'l Def.'s, March 18, 2003 (Docket No. 283).) Defendants filed an opposition to that motion on March 28, 2003.

On April 23, 2003, before the Court had ruled on Plaintiff's motion to amend his complaint, the United States Magistrate Judge submitted a Report and Recommendation that Plaintiff's Second Amended Complaint be dismissed for failure to join an indispensable party. (Report and Recommendation, April 23, 2003 (Docket No. 329).) In particular, the Magistrate Judge found that, under Federal Rule of Civil Procedure 19, PPM III was a necessary party who could not be joined without destroying

4

diversity jurisdiction and was indispensable to the litigation, and therefore that dismissal of the action was required. (Id.) On June 17, 2003, the Court adopted the Magistrate Judge's report, as amended, and dismissed Plaintiff's case, but stayed enforcement of the judgment pending the outcome of Plaintiff's appeal. (Order Adopting Magistrate Judge's Report and Recommendation, June 17, 2003 (Docket No. 355).) Plaintiff's March 18, 2003, motion to amend his Complaint was therefore mooted by the Court's June 17, 2003, order dismissing the case.

On January 24, 2005, the United States Court of Appeals for the Sixth Circuit reversed this Court's decision to dismiss Plaintiff's action for failure to join an indispensable party, and remanded the case "with instructions to consider the feasibility of joining as defendants all of the remaining limited partners of PPM III." Hooper v. Wolfe, 396 F.3d 744 (6th Cir. 2005). Those remaining limited partners include Kenneth and Michael Jones.

On March 24, 2005, Plaintiff filed his Third Amended Complaint. In addition to adding the Joneses as Defendants, however, the Third Amended Complaint asserts claims against the four purported defendants - Dr. Reager, Wells Fargo, PPM V, and Sunburst Bolton, LLC - whom Plaintiff had sought to add in its

March 18, 2003, motion to amend, upon which the Court did not rule.[1]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a claim for lack of jurisdiction over the person.  The plaintiff bears the burden of establishing jurisdiction.  Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).  Absent an evidentiary hearing on the issue of personal jurisdiction, the plaintiff "need only make a prima facie showing of jurisdiction."  Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002)(quoting Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002)).  A prima facie showing of jurisdiction may be established based upon the plaintiff's presentation of specific facts, by affidavit or otherwise.  Theunissen, 935 F.2d at 1458.  Where a court does not conduct an evidentiary hearing, the pleadings, depositions, and affidavits are considered in the light most favorable to the plaintiff.  Williams v. FirstPlus Home Loan Trust 1996-2, 209 F.R.D. 404, 410 (W.D. Tenn. 2002).

In its determination of a 12(b)(2) motion, the Court "does not weigh the controverting assertions of the party seeking dismissal." Theunissen, 935 F.2d. at 1459.  The Court, however, is not required "to ignore undisputed factual representations of

---

[1] Plaintiff did not seek leave of court to amend his Complaint to add the four new defendants when he filed his March 24, 2005, Third Amended Complaint.

the defendant which are consistent with the representations of the plaintiff." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 153 (6th Cir. 1997).  "Dismissal in this procedural posture is proper only if *all* the specific facts which the plaintiff ... alleges collectively fail to state a *prima facie* case for jurisdiction." Id. at 149 (quoting Theunissen, 935 F.2d at 1458).

### III. ANALYSIS

Defendants Dr. Reager and Wells Fargo move to dismiss Plaintiff's claims against them for lack of personal jurisdiction or, in the alternative, to transfer venue to the United States District Court for the Central District of California.  A federal court has personal jurisdiction over a defendant if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir. 1992).  In Tennessee, the long-arm statute extends the personal jurisdiction of Tennessee courts to the limits of the Due Process Clause.  Tenn. Code Ann. § 20-2-214(a)(6) (2004); Payne v. Motorists' Mut. Ins. Co.'s, 4 F.3d 452, 455 (6th Cir. 1993).  Therefore, the Court need only determine whether the assertion of personal jurisdiction over Dr. Reager and Wells Fargo would violate the Due Process Clause. Bridgeport Music, Inc. v. Still N the Water Publ'g, 327 F.3d 472, 477 (6th Cir.

2003). Consistent with the Due Process Clause, courts can "exercise personal jurisdiction over a defendant so long as that defendant has 'certain minimum contacts' with the forum such that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" <u>Cupp v. Alberto-Culver USA, Inc.</u>, 308 F.Supp.2d 873, 877 (W.D. Tenn. 2004)(quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be either general or specific. Specific jurisdiction arises from contacts that are related to the cause of action. The Sixth Circuit maintains a three-part test to determine whether a Court can exercise specific jurisdiction over a Defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

<u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718, 721 (6th Cir. 2000)(quoting <u>Southern Mach. Co. v. Mohasco Indus., Inc.</u>, 401 F.2d 374, 381 (6th Cir. 1968)).

General jurisdiction, on the other hand, arises from the Defendant's contacts with the forum state. "Unlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is

dispute blind ...." <u>Dickson Marine Inc. v. Panalpina</u>, 179 F.3d 331, 339 (5th Cir. 1999) (citing <u>Helicopteros</u>, <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). A defendant may be subject to general jurisdiction only when it "has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." <u>Kerry Steel,</u> 106 F.3d at 149 (citing <u>Helicopteros</u>, 466 U.S. at 414-15 & nn. 8-10; <u>Third Nat'l Bank in Nashville v. WEDGE Group, Inc.</u>, 882 F.2d 1087, 1089 (6th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1058 (1990)). "General jurisdiction is proper <u>only</u> where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" <u>Bird</u>, 289 F.3d at 873 (citing <u>WEDGE</u>, 882 F.2d at 1089)(emphasis added).

Plaintiff contends that Dr. Reager and Wells Fargo have the following contacts with the State of Tennessee: Dr. Reager, through his Pension Trust administered by Wells Fargo, lent the full purchase price of the Pico Rivera, California property to PPM III - the transaction at issue in this case; Dr. Reager, through his Pension Trust administered by Wells Fargo, lent $200,000 to PPM IV, a Tennessee entity, to purchase two

9

properties in Tennessee in a note that states it would be construed under Tennessee law; Dr. Reager is a limited partner in PPM VIII, a Tennessee entity; Dr. Reager is a limited partner in PPM IV, a Tennessee entity; Dr. Reager is a majority member in Sunburst Bolton, LLC, a Tennessee entity; Dr. Reager came to Tennessee to look at the PPM IV and PPM VIII Tennessee properties; and Dr. Reager met with Defendants Wolfe and Harold Smith for business at a restaurant in Memphis, Tennessee in September of 1997.

The Court first determines whether it can exercise general jurisdiction over Dr. Reager and Wells Fargo. The Supreme Court, in Helicopteros, determined that the defendant, a Colombian corporation, did not maintain sufficient contacts with Texas to allow a Texas state court to exercise general jurisdiction over the Defendant.[2] Helicopteros, 466 U.S. at 418-19. In that case, the corporation's contacts with Texas included the following: negotiating a contract in Texas; accepting checks drawn on a Texas bank; purchasing close to 80% of its fleet of helicopters as well as other spare parts and accessories in Texas; and sending pilots to Texas for training. Id. at 411, 416.

---

[2] In Helicopteros, the defendant owned a helicopter which crashed in Peru, killing four U.S. citizens among others. 466 U.S. at 409-10. The survivors and representatives of the four U.S. citizens brought a wrongful death action in Texas. Id. at 412.

In the case at bar, the Court finds that the collective group of contacts that Plaintiff alleges Dr. Reager and Wells Fargo have with the State of Tennessee are not so continuous and systematic as to allow this Court to exercise general personal jurisdiction over them.  Plaintiff alleges that Dr. Reager is a partner in three Tennessee entities that have purchased real estate and/or loaned money to other entities in order to purchase real estate in Tennessee.  Merely doing business with citizens of a state, however, does not confer general jurisdiction over an out-of-state defendant.  Bird, 289 F.3d at 874.

Moreover, the United States Court of Appeals for the Sixth Circuit has found the exercise of general jurisdiction to be inappropriate in circumstances where a defendant's connections to the forum state were significantly more substantial than the case at bar.  See WEDGE, 882 F.2d at 1089 (finding exercise of general jurisdiction not appropriate where out of state defendant was the 100% owner of a corporation that conducted business in Tennessee, whose directors met as often as monthly in Tennessee to review and direct the corporation's operations; defendant was a party to a tax sharing agreement under which defendant shared income tax liability with subsidiary Tennessee companies; defendant officers participated in negotiations between the plaintiff and the corporation regarding a loan agreement, and, in conjunction with those negotiations, deposited $7.5 million in a checking account

maintained at a bank branch in Tennessee; and defendant executed a "Tax Receivable Agreement" in Tennessee); <u>Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co.</u>, 91 F.3d 790, 793-94 (6th Cir. 1996)(finding exercise of general jurisdiction inappropriate where defendant had entered into several reinsurance agreements with in-state corporations);[3] <u>But see</u> <u>Michigan Nat. Bank v. Quality Dinette, Inc.</u>, 888 F.2d 462, 466 (6th Cir. 1989) (finding exercise of general jurisdiction appropriate where defendant retained an independent sales representative in the state, conducted mail order solicitations of Michigan businesses, made over 400 sales totaling over $625,000 in 1986 and 1987, and made at least one sale in Michigan each and every month for two consecutive years). Accordingly, the Court finds that the contacts with the state of Tennessee of Dr. Reager and Wells Fargo are not so continuous and systematic as to justify the assertion of general personal jurisdiction over them.

---

[3] The United States Court of Appeals for the Fifth Circuit came to a similar conclusion in <u>Wilson v. Belin</u>, 20 F.3d 644, 650 (5th Cir. 1994)(finding exercise of general jurisdiction not appropriate where out of state defendant lawyer worked on approximately one project per year for Texas law firms; gave a legal seminar in Texas; served as a pro bono consultant to a Texas historical society; traveled to Dallas, Texas twice; wrote a letter to the editor of a Texas newspaper; wrote books and a newspaper article circulated in Texas; gave interviews to Texas reporters; visited the Texas School Book Depository; and engaged in discussions with an investment banking firm in Texas on behalf of a nonresident corporation in which he had an interest).

The Court next considers wether it can exercise specific personal jurisdiction over the Defendant.  The first prong of the three-part Mohasco test requires that the Court determine whether the Defendant has purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in the state. Mohasco, 401 F.2d at 381.  "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there."  CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996) (internal quotation marks omitted).

Plaintiff asserts that Dr. Reager's above described contacts support his argument that the Court should exercise specific personal jurisdiction over Dr. Reager and Wells Fargo.  In considering whether specific jurisdiction is appropriate, however, the Court must focus upon the transaction that caused the purported harm - in this case, the loan from Dr. Reager through his Pension Trust to PPM III to facilitate the purchase of the Pico Rivera, California property.  It is undisputed that the loan was negotiated in California, that it related to the purchase of property located in California, and that the agreement included a choice of law clause choosing California

13

law.  Plaintiff points to no evidence in the record to show that
Dr. Reager ever traveled to Tennessee in order to negotiate that
loan or that he in any way solicited the loan in Tennessee.

Accordingly, the Court finds that Plaintiff has not shown
that Dr. Reager, through his asserted contacts, has maintained a
substantial connection with Tennessee.  The fact that Dr. Reager
entered into a business contract with PPM III, a Tennessee
entity, does not by itself establish purposeful availment.
Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 795
(6th Cir. 1996)(citing Burger King, 471 U.S. at 478); Calphalon,
228 F.3d at 722.  Rather, "'prior negotiations and contemplated
future consequences, along with the terms of the contract and the
parties' actual course of dealing ... must be evaluated in
determining whether the defendant purposefully established
minimum contacts within the forum.'" Nationwide, 91 F.3d at 790
(quoting Burger King, 471 U.S. at 479).  In the case at bar,
Plaintiff has asserted no specific facts showing that Defendants
had any substantial contacts with Tennessee that related to
negotiating or performing the loan agreement regarding the Pico
Rivera, California property.  Moreover, Plaintiff does not point
to any contract terms containing Tennessee forum or venue
selection clauses.  Plaintiff also has not asserted any facts
showing that Defendant engaged in conduct in Tennessee as a
result of any course of dealing between Dr. Reager and PPM III

14

that related to the loan agreement regarding the Pico Rivera, California property.  See Bridgeport Music, Inc., 327 F.3d at 482-83 (finding no purposeful availment in copyright action, where defendant had contractual affiliation but not substantial contacts or negotiations with non-party's Tennessee offices, where contract had no Tennessee forum or venue selection clauses, and where parties' course of dealing did not implicate conduct in Tennessee).

Plaintiff points to Dr. Reager's membership in several Tennessee limited partnerships, and the fact that those partnerships purchased property in Tennessee, to support his argument that this Court should find that Dr. Reager and Wells Fargo are subject to specific personal jurisdiction.  Although Dr. Reager's membership in those Tennessee entities may be sufficient to subject him to specific personal jurisdiction with respect to claims arising out of transactions entered into by those partnerships, the instant suit arises out of the purchase of the Pico Rivera, California property by PPM III.  The only connection that Dr. Reager and Wells Fargo had to that transaction was as the provider of financing for the purchase. The Court therefore finds that Plaintiff has failed to show that the Dr. Reager and Wells Fargo purposefully availed themselves of the privilege of acting in Tennessee.  Accordingly, the Court

concludes that it cannot exercise specific personal jurisdiction over Dr. Reager and Wells Fargo.

**IV. CONCLUSION**

For the reasons stated, the Court concludes that it has neither general nor specific personal jurisdiction over Dr. Reager and Wells Fargo.  Accordingly, the motion of Defendants Dr. Reager and Wells Fargo to dismiss for lack of personal jurisdiction is GRANTED and Plaintiff's claims against Dr. Reager and Wells Fargo are DISMISSED.[4]


So ORDERED this _B_ day of July, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] Since the Court has granted the motion to dismiss for lack of personal jurisdiction of Dr. Reager and Wells Fargo, the Court will not evaluate Defendants' alternative motion to transfer venue.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 459 in case 2:00-CV-02863 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Harold E. Smith
4824 Stone Park Blvd
Olive Branch, MS 38654

Richard J. Pober
POBER ROSS & PASQUINI
P.O. Box 710
Westport, CT 06881

John K. Walsh
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Stephen Smith
3904 Auburn Rd
Phonix City, AL 36870

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Seymour S. Rosenberg
ROSENBERG LAW OFFICE
371 Carroll Ave.
Memphis, TN 38105

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

J. Alan Hanover
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Jeffrey K. Fleishmann
WYATT TARRANT & COMBS, LLP- Memphis
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120

Gordon B. Olswing
CHARLES R. PERKINS LAW OFFICES
100 N. Main
Suite 2626
Memphis, TN 38103

Dave W. Dogan
7191 Kingsland
Memphis, TN 38125

Charles R. Perkins
LAW OFFICE OF CHARLES R. PERKINS
100 N. Main St.
Ste. 2626
Memphis, TN 38103

James R. Newsom
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

P. Preston Wilson
GOTTEN WILSON & SAVORY
200 Jefferson Avenue
Ste. 900
Memphis, TN 38103


Honorable Jon McCalla
US DISTRICT COURT