IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 JUL 13 AM 11:03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| JOHN N. HOOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00-2863  M1/P |
| ) | |
| PUBLIC PROPERTIES MANAGEMENT, ) | |
| INC., PPM I PARTNERSHIP, L.P., ) | |
| PPM IV PARTNERSHIP, L.P., ) | |
| PPM V PARTNERSHIP, L.P., ) | |
| PPM VIII PARTNERSHIP, L.P., ) | |
| DAVID S. WOLFE, INDIVIDUALLY ) | |
| AND IN HIS OFFICIAL CAPACITY, ) | |
| HAROLD E. SMITH, DAVE W. DOGAN, ) | |
| STEPHEN SMITH, LAUREN L. REAGER, ) | |
| M.D., WELLS FARGO BANK AS ) | |
| TRUSTEE OF THE LAUREN L. REAGER, ) | |
| M.D. PENSION PLAN TRUST, ) | |
| SUNBURST BOLTON, LLC, MICHAEL ) | |
| JONES, AND KENNETH JONES, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION OF DEFENDANTS PUBLIC PROPERTIES MANAGEMENT,
INC. AND DAVID S. WOLFE FOR PARTIAL DISMISSAL OF CLAIMS AGAINST
DEFENDANTS PUBLIC PROPERTIES MANAGEMENT V, L.P. AND SUNBURST
BOLTON, LLC**

Before the Court is the Motion of Defendants Public Properties Management, Inc. and David S. Wolfe for Partial Dismissal, filed April 18, 2005. Plaintiff responded in opposition on May 18, 2005. Defendants Michael Jones and Kenneth Jones also filed a response in opposition to the motion on May 18, 2005. For the following reasons, the motion of Defendants

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  7-13-05



Public Properties Management, Inc. and David S. Wolfe for partial dismissal is GRANTED.

The instant case relates to a real estate transaction involving former business partners, Plaintiff John Hooper and Defendant David Wolfe, regarding the purchase of certain commercial real estate property in Pico Rivera, California, in the mid-1990's. Mr. Hooper and Mr. Wolfe had worked together in real estate since 1986. Generally, Mr. Hooper would analyze the value of commercial real estate and determine whether a given property should be purchased, and Mr. Wolfe would arrange the financing for the projects.

Mr. Wolfe is the sole shareholder of Public Properties Management, Inc. ("PPM, Inc."), a Tennessee corporation. PPM, Inc. is the general partner of numerous Tennessee limited partnerships bearing similar names, including PPM I Partnership, L.P. ("PPM I"), PPM III Partnership, L.P. ("PPM III"), PPM IV Partnership, L.P. ("PPM IV"), PPM V Partnership, L.P. ("PPM V"), and PPM VIII Partnership, L.P. ("PPM VIII").

Plaintiff alleges that Mr. Wolfe agreed to obtain financing to purchase the Pico Rivera property and that profits from the transaction would be split evenly between the two men. After Plaintiff completed the due diligence work with the assistance of Defendants Kenneth and Michael Jones ("the Joneses") and recommended that the property be purchased, however, Plaintiff discovered that Mr. Wolfe had purchased the Pico Rivera property

2

for himself through PPM III. Mr. Wolfe allegedly created PPM, Inc., which was made a general partner to PPM III, with Mr. Wolfe as the sole limited partner of PPM III. Dr. Lauren L. Reager, an associate of Mr. Wolfe, financed the transaction via a loan of $1.7 million issued by the Lauren L. Reager, M.D. Pension Plan Trust administered by Trustee Wells Fargo Bank ("Wells Fargo").

Plaintiff subsequently sought from Mr. Wolfe a fifty percent interest in the Pico Rivera property. Plaintiff alleges that Mr. Wolfe refused and stated that unless Plaintiff and the Joneses shared a forty percent interest in the property, he would have Dr. Reager foreclose on the loan to PPM III, thereby leaving Plaintiff and his associates with nothing. Plaintiff agreed to a less than fifty percent interest in PPM III, assertedly in order to protect his interests, and filed suit against Defendants. Therefore, prior to Plaintiff's suit, PPM III had title to the Pico Rivera property, with PPM, Inc. as the general partner and Messrs. Wolfe, Hooper, Jones, and Jones as limited partners.

This case was originally brought by Plaintiff in the United States District Court for the District of Connecticut. After the case was transferred to the Western District of Tennessee, Plaintiff filed a second amended complaint, adding PPM III and the Joneses as defendants. The Joneses were voluntarily dismissed without prejudice on March 23, 2001. On January 29, 2002, Plaintiff voluntarily dismissed PPM III as a defendant, without prejudice, because Plaintiff was a limited partner of PPM

3

III and therefore diversity jurisdiction may have otherwise been jeopardized. On December 16, 2002, this Court ordered the Pico Rivera property to be sold to a third party, leaving PPM III with $1.7 million in net proceeds from the sale, to remain in escrow while the litigation proceeded.

On March 18, 2003, Plaintiff moved to file a Third Amended Complaint and to join four additional defendants: PPM V, Dr. Reager, Wells Fargo, and Sunburst Bolton, LLC. (See Mot. to Am. Compl. and for Joinder of Add'l Def.'s, March 18, 2003 (Docket No. 283).) Defendants filed an opposition to that motion on March 28, 2003.

On April 23, 2003, before the Court had ruled on Plaintiff's motion to amend his complaint, the United States Magistrate Judge submitted a Report and Recommendation that Plaintiff's Second Amended Complaint be dismissed for failure to join an indispensable party. (Report and Recommendation, April 23, 2003 (Docket No. 329).) In particular, the Magistrate Judge found that, under Federal Rule of Civil Procedure 19, PPM III was a necessary party who could not be joined without destroying diversity jurisdiction and was indispensable to the litigation, and therefore that dismissal of the action was required. (Id.) On June 17, 2003, the Court adopted the Magistrate Judge's report, as amended, and dismissed Plaintiff's case, but stayed enforcement of the judgment pending the outcome of Plaintiff's appeal. (Order Adopting Magistrate Judge's Report and

4

Recommendation, June 17, 2003 (Docket No. 355).) Plaintiff's March 18, 2003, motion to amend his Complaint was therefore mooted by the Court's June 17, 2003, order dismissing the case.

On January 24, 2005, the United States Court of Appeals for the Sixth Circuit reversed this Court's decision to dismiss Plaintiff's action for failure to join an indispensable party, and remanded the case "with instructions to consider the feasibility of joining as defendants all of the remaining limited partners of PPM III." Hooper v. Wolfe, 396 F.3d 744 (6th Cir. 2005). Those remaining limited partners include Kenneth and Michael Jones.

On March 14, 2005, the Court held a status conference in this case. Pursuant to that conference, the Court ordered Plaintiff to file an amended Complaint adding Kenneth and Michael Jones as defendants. On March 24, 2005, Plaintiff filed his Third Amended Complaint. In addition to adding the Joneses as defendants, however, Plaintiff's Third Amended Complaint asserts claims against the four purported defendants - Dr. Reager, Wells Fargo, PPM V, and Sunburst Bolton, LLC - whom Plaintiff had sought to add in his March 18, 2003, motion to amend, upon which the Court did not rule. Plaintiff did not seek leave of court to amend his Complaint to add the four new defendants when he filed his March 24, 2005, Third Amended Complaint. Because Plaintiff's March 18, 2003, motion to amend was not granted before the Court originally dismissed Plaintiff's case, and the mandate of the

5

Court of Appeals was only to determine the feasibility of joining Defendants Kenneth and Michael Jones, the Court construes Plaintiff's Third Amended Complaint as a motion for leave to amend his Complaint to add claims against Dr. Reager, Wells Fargo, PPM V and Sunburst Bolton, LLC.

Defendants PPM, Inc. and David S. Wolfe move to dismiss Plaintiff's claims against Dr. Reager, Wells Fargo, PPM V and Sunburst Bolton, LLC because allowing Plaintiff to assert claims against them will purportedly cause undue delay, undue prejudice, and will be futile. Specifically, Defendants PPM and Wolfe contend that Plaintiff added claims against those Defendants long after the Court's deadline for amendment to pleadings expired, without leave of court, and in contrast to the mandate of the United States Court of Appeals for the Sixth Circuit.

The Court has ruled that it cannot properly exercise personal jurisdiction over Dr. Reager or Wells Fargo. (See Order Granting Defs. Lauren L. Reager and Wells Fargo Bank as Trustee of the Lauren L. Reager, M.D. Pension Plan Trust's Motion to Dismiss.) Accordingly, Defendants' motion is DENIED as moot as to those defendants. The Court will therefore determine whether Plaintiff's claims against PPM V and Sunburst Bolton, LLC should be dismissed.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Generally, leave to amend

6

will be granted "[i]n the absence of ... undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ...." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court finds that Plaintiff has not engaged in bad faith, acted out of any dilatory motive, or failed to cure deficiencies by amendments previously allowed.

However, leave to amend may be denied where the amendment would be futile. Thiokol Corp. v. Dep't of the Treasury, State of Michigan, Revenue Division, 987 F.2d 376, 383 (6th Cir. 1993)(citation omitted). Specifically, "where a proposed amendment would not survive a motion to dismiss, the Court need not permit the amendment." Id.

In his Third Amended Complaint, Plaintiff asserts claims for fraud, breach of contract, and breach of fiduciary duty.[1] Under both Tennessee and federal law, a cause of action for fraud must be stated with particularity. Fed. R. Civ. P. 9(b); Tenn. Civ. Proc. Rule 9.02.[2] To successfully plead fraud, the Sixth Circuit

---

[1] In separate counts, Plaintiff also asserts claims for an injunction, constructive trust, equitable lien, quantum meruit, and unjust enrichment. Those claims, however, are either derivative of or forms of relief for Plaintiff's claims of fraud, breach of contract, and breach of fiduciary duty.

[2] Under Tennessee law, "[t]he elements of fraud are an intentional misrepresentation with regard to a material fact;
(continued...)

7

requires, at a minimum, that a plaintiff allege: the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Coffey v. Fomax, 2 F.3d 157, 162 (6th Cir. 1991); Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988).[3]

In his Third Amended Complaint, Plaintiff fails to assert the time, place and content of any purportedly fraudulent representations by or on behalf of PPM V or Sunburst Bolton, LLC. Accordingly, if allowed to amend his Complaint to add fraud claims against PPM V and Sunburst Bolton, LLC, the Court finds that such claims would be subject to dismissal. Additionally, Plaintiff's Third Amended Complaint does not allege that Defendants PPM V or Sunburst Bolton, LLC breached any agreement between either entity and the Plaintiff or that any fiduciary

---

(continued...)
knowledge of the representation's falsity, i.e., it was made 'knowingly' or 'without belief in its truth' or 'recklessly' without regard to its truth or falsity; the plaintiff reasonably relied on the misrepresentation and suffered damages; and the misrepresentation relates to an existing or past fact." Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n, 835 S.W.2d 25, 29 (Tenn. Ct. App. 1992).

[3] The Sixth Circuit has found that the following details are sufficient to survive dismissal: "the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud." Michaels Bldg., 848 F.2d at 679.

relationship existed between either entity and the Plaintiff. Accordingly, any such claims would also be subject to dismissal. The Court therefore finds that allowing Plaintiff to amend his Complaint to add PPM V and Sunburst Bolton, LLC as defendants would be futile.[4]

Because the Court has found that allowing Plaintiff to amend his Complaint to add claims against Defendants PPM V and Sunburst Bolton, LLC would be futile, Plaintiff's claims against those Defendants are hereby DISMISSED.[5]

So ORDERED this __13__ day of July, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] The Court's finding that Plaintiff's amendment would be futile because his claims against PPM V and Sunburst Bolton, LLC for fraud, breach of contract and breach of fiduciary duty would not survive a motion to dismiss likewise applies to Plaintiff's claims for an injunction, constructive trust, equitable lien, quantum meruit, and unjust enrichment.

[5] Because the Court has dismissed Plaintiff's claims against Defendants PPM V and Sunburst Bolton, LLC, the Court does not address Defendants' contention that those claims are subject to the doctrine of res judicata.

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 460 in case 2:00-CV-02863 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

John K. Walsh
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Seymour S. Rosenberg
ROSENBERG LAW OFFICE
371 Carroll Ave.
Memphis, TN 38105

P. Preston Wilson
GOTTEN WILSON & SAVORY
200 Jefferson Avenue
Ste. 900
Memphis, TN 38103

Stephen Smith
3904 Auburn Rd
Phonix City, AL 36870

Harold E. Smith
4824 Stone Park Blvd
Olive Branch, MS 38654

Dave W. Dogan
7191 Kingsland
Memphis, TN 38125

James R. Newsom
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Richard J. Pober
POBER ROSS & PASQUINI
P.O. Box 710
Westport, CT 06881

J. Alan Hanover
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Charles R. Perkins
LAW OFFICE OF CHARLES R. PERKINS
100 N. Main St.
Ste. 2626
Memphis, TN 38103

Jeffrey K. Fleishmann
WYATT TARRANT & COMBS, LLP- Memphis
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120

Gordon B. Olswing
CHARLES R. PERKINS LAW OFFICES
100 N. Main
Suite 2626
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT