FILED BY _____ D.C.

05 OCT 12 AM 7: 50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHN N. HOOPER,                                                )
                                                               )
      Plaintiff,                                       )
                                                               )
v.                                                             )
                                                               )        No. 00cv2863- JPM-tmp
                                                               )
PUBLIC PROPERTIES MANAGEMENT, INC.                             )
(PPM, INC.), PPM I PARTNERSHIP, L.P.                           )
(PPM I), PPM IV PARTNERSHIP, L.P. (PPM IV),                    )
PPM VIII PARTNERSHIP, L.P. (PPM VIII),                         )
DAVID S. WOLFE, INDIVIDUALLY AND                               )
IN HIS OFFICIAL CAPACITY, HAROLD E.                            )
SMITH, DAVE W. DOGAN, STEPHEN SMITH,                           )
MICHAEL JONES AND KENNETH JONES,                               )
                                                               )
      Defendants.                                      )

---

## CONSENT ORDER OF DISMISSAL WITH PREJUDICE

---

      Come now Plaintiff John N. Hooper and Defendants Public Properties Management,

Inc. (PPM, Inc.), PPM I Partnership, L.P. (PPM I), PPM IV Partnership, L.P. (PPM IV), PPM,

V, Partnership, L.P. (PPM V), Defendant PPM VIII Partnership, L.P. (PPM VIII), David S.

Wolfe, Individually and in His Official Capacity, Harold E. Smith, Dave W. Dogan, Stephen

Smith, Michael Jones and Kenneth Jones, by and through their attorneys of record, and

announce to the Court that the matters and things heretofore in controversy in this cause

have been settled as per the Settlement Agreement attached hereto as Exhibit A and made

a part hereof by reference (the "Settlement Agreement"), and that this cause should

therefore be dismissed, with prejudice, and that the escrowed funds held in this action by Wyatt, Tarrant & Combs, LLP should be disbursed by Wyatt, Tarrant & Combs, LLP in the manner provided in the Settlement Agreement.

IT IS SO ORDERED.

_____
United States District Judge

Date: Oct. 11, 2005

BY CONSENT:

_____
Charles R. Perkins (TN Disc. No. 8552)
Gordon B.  Olswing (TN Disc. No. 12199)
LAW OFFICES OF CHARLES R. PERKINS
100 North Main Building, Suite 2626
22 North Front Street
Memphis, Tennessee 38103
(901) 522-9898
Attorneys for Defendant John N. Hooper

_____
Richard J. Pober
POBER ROSS & PASQUINI
P.O. Box 710
Westport, CT 06881
(203) 222-7100
Attorneys for Defendant John N. Hooper

2

Robert E. Craddock, Jr. (TN Disc. No. 5826)
WYATT TARRANT & COMBS, LLP
1715 Aaron Brenner, Suite 800
Memphis, Tennessee 38120
(901) 537-1000
Attorneys for Defendant David S. Wolfe and
Public Properties Management, Inc. (PPM, Inc.)

Seymour S. Rosenberg (TN Disc. No. 4826)
371 Carroll Ave.
Memphis, Tennessee 38103
(901) 527-4777
Attorney for Defendants
PPM I Partnership, L.P. (PPM I),
PPM IV Partnership, L.P. (PPM IV),
PPM, V, Partnership, L.P. (PPM V), and
Defendant PPM VIII Partnership, L.P. (PPM VIII)

Harold E. Smith        9-27-05

Dave W. Dogan        10/8/05

Stephen Smith

3

J. Alan Hanover (TN Disc. No. 7906)
James R. Newsom III (TN Disc. No. 6683)
HARRIS SHELTON HANOVER WALSH, PLLC
2700 One Commerce Square
Memphis, Tennessee 38103-2555
(901) 525-1455
Attorneys for Defendants
Michael Jones and Kenneth Jones

4

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of the 16th day of August, 2005, by and between John N. Hooper ("Hooper"), Public Properties Management, Inc. ("PPM, Inc."), PPM III Partnership, LP ("PPM III"), and all other PPM entities identified in Exhibit A hereto, successors and/or assigns, including, but not limited to, PPM I, Partnership, LP, PPM IV Partnership, LP, PPM V Partnership, LP, PPM VIII Partnership, LP, and Sunburst Bolton, LLC (the "PPM Entities"), David S. Wolfe ("Wolfe"), Kenneth Jones and Michael Jones (the "Jones Brothers") and the other signatories appearing below. Hooper, PPM, Inc., PPM III, Wolfe and the Jones Brothers shall hereinafter be referred to as the "Parties" or individually as "Party."

WHEREAS, the Parties have been partners in PPM III, a Tennessee limited partnership, with PPM, Inc. as the general partner and Wolfe, Hooper and the Jones Brothers as the limited partners;

WHEREAS, some or all of the Parties have been involved in various lawsuits in Tennessee and California regarding their respective interests in the property known as 7837-7887 East Telegraph Road, Pico Rivera, California, and in various partnerships and limited partnerships. The cases pending in Tennessee are the following: *PPM, IV, Partnership, L.P. v. John Hooper, Kenneth Jones and Michael Jones*, Shelby (Tennessee) Chancery Cause No. CH-02-0474-2 and *John N. Hooper v. Public Properties Management, Inc.*, Shelby (Tennessee) Chancery Cause No. 00-0602-3 in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis (the "Chancery Court") and *John N. Hooper v. Public Properties Management, Inc. (PPM, Inc.), PPM I Partnership, L.P. (PPM IV), PPM V Partnership, L.P. (PPM V), PPM VIII Partnership, L.P. (PPM VIII), David S. Wolfe, Individually and in His Official Capacity, Harold E. Smith, Dave W. Dogan, Stephen Smith, Lauren L. Reager, Wells Fargo Bank as Trustee of the Lauren L. Reager, M.D. Pension Plan Trust, Sunburst Bolton, LLC, Michael Jones and Kenneth Jones*, No. 00cv2863-ML/P in the United States District Court for the Western District of Tennessee (the "Federal Litigation"). The cases pending in California are the following: *Michael Jones, individually and derivatively on behalf of, an in the right of, PPM III Partnership, L.P., a Tennessee Limited Partnership v. Wells Fargo Bank, a California corporation, as Trustee of the Lauren L. Reager, M.D. Pension Plan Trust a pension trust pursuant to Employment Retirement Income Security Act, Lauren L. Reager, an individual, Public Properties Management, Inc., a Tennessee corporation, David Wolfe, an individual, First American Title Company of Los Angeles, a California corporation, Does 1 through 50*, Los Angeles (California) Superior Court Cause No. BC 276662, *Kenneth Jones v. David S. Wolfe, Public Properties Management, Inc., PPM III Partnership, L.P., and Does 1 to 100, Inclusive*, Los Angeles (California) Superior Court Cause No. BC 249620 in the Superior Court of California for the County of Los Angeles; and *PPM III Partnership L.P. v. Michael Jones, an individual, and Does 1 through 50*, Loss



Angeles (California) Superior Court Cause No. BC 293822. These cases are referred to hereafter collectively as the "Litigations;"

WHEREAS, Lauren L. Reager, M.D. and Wells Fargo Bank as Trustee of the Lauren L. Reager, M.D. Pension Plan and Trust (collectively "Reager") provided financing for the operations of PPM III and PPM Entities at some time;

WHEREAS, certain funds have been escrowed as a result of court orders entered in one or more of the Litigations which are held in trust by the law firm of Wyatt, Tarrant & Combs, LLP by order of the United States District Court for the Western District of Tennessee (the "Federal Escrow"). Approximately $24,000 is escrowed in the Chancery Court by order of the Chancery Court (the "Chancery Escrow"). The Federal Escrow and the Chancery Escrow are hereafter referred to collectively as the "Escrowed Funds."

WHEREAS, the Parties have mediated their respective claims and desire to settle all their differences and to enter into this Agreement.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The Federal Escrow.  The Parties agree that the Federal Litigation shall be dismissed with prejudice with an order providing that the Federal Escrow shall be disbursed in the manner provided by this Agreement.  The Federal Escrow shall be used to pay expenses of PPM III and to reimburse Wolfe, Hooper and the Jones Brothers for a portion of the expenses advanced for fees and costs to obtain financial benefit for PPM III, in the following amounts:

> a.      a sum sufficient to pay the fees of mediation, payable to David Wade, Mediator, Martin, Tate, Morrow & Marston, P.C.;
>
> b.      for unpaid fees to Wyatt, Tarrant & Combs, LLP, a sum not to exceed Three Hundred Thousand Dollars ($300,000.00);
>
> c.      for unpaid fees to Richard Pober and expenses of Hooper, the sum of Seven Hundred Ten Thousand Dollars ($710,000.00);
>
> d.      for unpaid fees to Harris Shelton Hanover Walsh, PLLC, a sum not to exceed Fifteen Thousand Dollars ($15,000.00);

2

e.     to Wolfe the sum of Three Hundred Sixty Thousand Dollars ($360,000.00) plus any balance of the funds set forth in subparagraph 1.b. above not paid to Wyatt, Tarrant & Combs, LLP;

f.     to Wolfe the sum of Fifty Thousand Dollars ($50,000.00) payable as provided in paragraph 6 below;

g.     to the Jones Brothers the sum of Two Hundred Sixty Five Thousand Dollars ($265,000.00) plus any balance of the funds set forth in subparagraph 1.d. above not paid to Harris Shelton Hanover Walsh, PLLC; and

h.     to the extent any funds remain in the Federal Escrow after the payments and reimbursements in subparagraphs (a) through (g), further reimbursements are to be paid out of such funds, seventy percent (70%) to Hooper and thirty percent (30%) to the Jones Brothers.

The above funds shall be disbursed to the entities referred to above, as follows: As to the items set forth in subparagraph 1. a., b., c., d., e., g. and h., said funds shall be disbursed within three (3) days of the receipt of all fully executed documents required under this Agreement in the offices of James R. Newsom III, Harris Shelton Hanover Walsh, PLLC, 2700 One Commerce Square, Memphis, Tennessee 38103. As to the item set forth in subparagraph 1.f., said funds shall be disbursed within five (5) days of the approval of the final tax return for PPM III by Wolfe, Hooper and the Jones Brothers as per the provisions of paragraph 6 below.

2.     <u>The Chancery Escrow.</u>  The parties to the Chancery Litigation shall jointly petition the Chancery Court for the disbursement of the Chancery Escrow to Wolfe.

3.     <u>The Mutual Release.</u>  The Parties, Harold E. Smith, Dave W. Dogan, and Stephen Smith shall execute a Full and Final Mutual Release Agreement in the form attached as Exhibit B hereto (the "Mutual Release") releasing all claims each has against the others, and any related entities or persons, including, without limitation Reager, of all types and kinds, arising before the date of the releases whether arising in tort, contract or by statute.

4.     <u>The Reager Release.</u>  Wolfe shall obtain a Mutual General Release (the "Reager Release") from Reager and others named therein in the form attached as Exhibit C hereto together effecting a full and final release of any claim that has been brought, or could be brought, whether in pending litigation or that could be raised by any party against the other, whether directly, or by any entity that may have an interest against Hooper

3

and/or Michael Jones and/or Kenneth Jones together with an accord and satisfaction and a satisfaction and release of liens of all judgments obtained or held by Reager in the Litigations and a dismissal of all pending motions for relief of any kind against Hooper and/or Michael Jones and/or Kenneth Jones in the Litigations. The Reager Release shall also effect a full and final release from Hooper and/or Michael Jones and/or Kenneth Jones of all claims against Reager and others named therein.

5.   No Additional Claims by Related Parties.  PPM III, PPM, Inc. and Wolfe warrant and represent that no other related entity, including, without limitation, the PPM Entities has any claims against any of the other Parties.

6.   PPM III Final Tax Return.  PPM, Inc. shall prepare the final tax return for PPM III (the "Final Tax Return") and distribute appropriate IRS Form K-1s no later than thirty (30) days from the date of this Agreement. The proposed Final Tax Return shall be sent to Hooper and the Jones Brothers for their approval, which approval will not be unreasonably withheld within the terms of this Agreement. In the event that Hooper and/or the Jones Brothers have objections to the proposed Final Tax Return they shall state their objections in writing within five (5) days following their receipt thereof. The sum of Fifty Thousand Dollars ($50,000.00) from the Escrowed Funds to be distributed to Wolfe shall be held in trust by the law firm of Wyatt, Tarrant & Combs, LLP until the Final Tax Return has been filed. PPM, Inc. shall take any and all steps necessary to minimize the tax consequences to Hooper, Wolfe and the Jones Brothers.

7.   Payments to Former Stockholders.  To the extent that the former stockholders of PPM, Inc. are entitled to payments, if any they are, Wolfe shall make such payments from funds payable to Wolfe from the Escrowed Funds.

8.   Dismissal of the Litigations.  The Parties shall cause all claims asserted in the Litigations and all pending cases between them in Tennessee and California to be dismissed with prejudice with costs assessed against the defendants in each of the Litigations. Each party is to bear his or its own costs, including discretionary costs, except as provided differently herein. Wolfe, PPM III and PPM, Inc. shall obtain releases and full satisfaction for all judgments held by Reager and Wolfe or others relating to the matters at issue herein.

9.   Binding Effect.  This Agreement binds and benefits the Parties and their respective heirs, executors, partners, members, affiliates, related partnerships and entities, agents and assigns.

10.   Choice of Law.  This Agreement, and any rights, remedies or obligations provided for hereunder, shall be construed and enforced in accordance with the laws of the state of Tennessee. This Agreement has been accepted, executed and delivered, and is intended to be performed, in the state of Tennessee. The rights and duties of the parties,

4

and the validity, construction, enforcement, and interpretation of this Agreement, shall be governed and construed according to the laws of the state of such state.

11.   <u>Resolution of Disputes.</u>   Any disputes arising between the Parties concerning the subject matter of this Agreement shall be submitted to David Wade for final and binding arbitration of any such disputed issues.

12.   <u>Additional Documents.</u>   The parties will prepare such other and further documents as are appropriate for the finalization of this Agreement, including, but not limited to, orders of dismissal of the Litigations.

13.   <u>Compromise Agreement.</u>   This Agreement is the compromise of doubtful and disputed claims, causes of action, denials and defenses made and/or asserted or capable of being made and/or asserted by and among the Parties and is being entered into for the sole purpose of bringing an end between the Parties to all of the real or potential claims, causes of action, denials, defenses or matters herein referred to or arising in any manner out of any actions or omissions by any of the Parties with regard to their relationship to each other.

14.   <u>No Admission.</u>   Nothing herein contained nor the consummation of this Agreement is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any Party hereto or any of their officers, employees or agents; and all of the Parties hereto have entered into this Agreement with the intention to avoid potential protracted litigation with its attendant inconveniences and expense. Nothing contained herein, or in any prior draft hereof, or in any form of communication pertaining to the consummation of this settlement between the Parties to this Agreement, or between any Party to this Agreement or a third person, or any attorneys representing any of the Parties to this Agreement or representing such third person, whether made orally or in writing, or any documents otherwise prepared or executed as a part of or in connection with the discussions or negotiations for or execution and consummation of this Agreement shall be construed or deemed at any time or place, or in any proceeding, to be an admission or concession, express or implied, of any fact, position, allegation, inference, implication or charge of wrongdoing, liability, negligence, culpability, or lack thereof, by the Parties hereto, or any of them or any other person, nor shall any evidence or proof, direct or circumstantial, of any of the foregoing be offered or introduced into evidence or otherwise used in any form or for any purpose in the Litigation or in any other pending or subsequent action, proceeding or hearing, including any pleadings or documents filed in connection therewith, before any court, agency, or other tribunal anywhere, except in any litigation, proceeding, dispute or matter arising, directly or indirectly, from any alleged breach, violation or abridgement of any of the terms or conditions of this Agreement. This Agreement may be pleaded or asserted by or on behalf of either of the Parties as a defense and complete bar to any action, claim, counterclaim, crossclaim, cause of action, demand

5

or proceeding that may be brought, instituted or taken, against or involving the Parties by anyone acting or purporting to act on behalf of the Parties, or any of their agents, sureties, subrogees, insurance or bonding companies, or the successors, assignees, heirs or representatives of any of the foregoing persons or entities, or any other person or entity with respect to any of the matters set forth herein, excepting only any obligations or duty arising out of the terms of this Agreement.

15.    <u>Successors and Assigns.</u>  This Agreement and the obligations undertaken herein shall be binding upon and shall inure to the benefit of the heirs, successors or assignees of each of the Parties hereto and all other persons, firms, corporations, associations, partnerships, or other entities wherever the context requires or admits.

16.    <u>Further Representations.</u>  The Parties each acknowledge that this Agreement is the resolution of a fully matured controversy and they each declare and represent that (i) they are executing this Agreement in reliance solely on their own judgment, belief and knowledge and upon the advice of their legal counsel, (ii) no promise, inducement or agreement not herein expressed has been made to any Party by any other Party, or person acting on his or its behalf; (iii) the terms and conditions contained herein are contractual and not mere recitals; and (iv) this Agreement contains the entire agreement between the Parties hereto.

17.    <u>Survival.</u>  All representations, warranties, covenants, agreements, and undertakings contained in this Agreement shall survive the occurrence of the transactions described herein and, except as otherwise indicated, shall not be affected by any investigation made by any party.

18.    <u>No Waiver.</u>  No waiver of any term, condition, default, or breach of this Agreement, or of any document executed pursuant hereto, shall be effective unless in writing and executed by the party making such waiver; and no such waiver shall operate as a waiver of either (a) such term, condition, default, or breach on any other occasion, or (b) any other term, condition, default, or breach of this Agreement or of such document. No delay or failure to enforce any provision in this Agreement or in any document executed pursuant hereto shall operate as a waiver of such provision or any other provision herein or in any document related hereto.

19.    <u>Consents.</u>  Whenever the consent or approval of a party is required under this Agreement, such consent or approval shall not be unreasonably withheld or delayed, unless otherwise specifically designated above as being in such party's sole and absolute discretion.

20.    <u>Superceding Document.</u>  To the extent that any other document referred to in this Agreement is inconsistent with, or in conflict with, the terms of this Agreement, it is

6

mutually understood and agreed by and among the Parties hereto, that the terms of this Agreement shall control.

21.    Entire Agreement.  This Agreement sets forth the entire understanding of the parties, replacing any and all prior agreements relating to the subject matter hereof.  This Agreement may be changed, amended, or terminated only by similar written instrument executed by all Parties to be bound thereby.

22.    Parties Bound.  All of the terms and provisions of this Agreement shall be binding upon, shall inure to the benefit of, and be enforceable by and against, the parties hereto and their respective heirs, executors, administrators, successors, and assigns.

23.    Assignment Limited.  No party may assign or delegate its rights or duties under this Agreement without the prior written consent of the other parties in each instance.

24.    Severability.  If any provision of this Agreement is held to be unlawful, invalid, or unenforceable under any present or future laws, such provision shall be fully severable; and this Agreement shall then be construed and enforced as if such unlawful, invalid, or unenforceable provision had not been a part hereof.  The remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by such unlawful, invalid, or unenforceable provision or by its severance herefrom.  Furthermore, in lieu of such unlawful, invalid, or unenforceable provision, there shall be added automatically as a part of this Agreement a provision as similar in terms to such unlawful, invalid, or unenforceable provision as may be possible, and be legal, valid, and enforceable.

25.    Rules of Construction.  When the identify of the Parties or other circumstances make it appropriate, the masculine gender shall include the feminine and/or neuter, and the singular number shall include the plural.  Specific enumeration of rights, powers and remedies of the Parties and of acts which they may do and of acts the Parties must do or not do shall not exclude or limit the general.  The headings of each paragraph are for information and convenience and do not limit or construe the contents of any provision hereof.  The provisions of this Agreement and the Exhibits thereto shall be construed as a whole according to their common meaning, not strictly for or against any Party and consistent with the provisions herein contained, in order to achieve the objectives and purposes of such documents.  Each party and its counsel has reviewed the Agreement and the Exhibits thereto and agree that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of the Agreement and the Exhibits thereto.  The use in the Agreement and the Exhibits thereto of the words "including," "such as," or words of similar import, when following any general term, statement or matter shall not be construed to limit such

7

statement, term or matter to the specific items or matters, whether or not language of non-limitation such as "without limitation" or "but not limited to," or words of similar import, are used with reference thereto, but rather shall be deemed to refer to all other items or matters that could reasonably fall within the broadest scope of such statement, term or matter.

26.   <u>Multiple Originals.</u>  This Agreement may be executed in multiple originals, all of which, taken together, shall constitute but one instrument; and shall become effective when at least one set of counterpart originals hereof, signed by each party, has been delivered to each party.

(signatures begin on next page)

8

PPM, Inc.

By: _____

Its: _____

_____
David S. Wolfe

_____
Harold E. Smith

_____
Dave W. Dogan

_____
Stephen Smith


PPM, III Partnership, LP,
a Tennessee limited partnership

By: PPM, Inc., its General Partner

By: _____

Its: _____


(signatures continued on following page)

9

(signatures continued from preceding page)

John N. Hooper

(signatures continued on following page)

10

(signatures continued from preceding page)

_____
Kenneth Jones

_____
Michael Jones

(signatures continued from preceding page)

_____
Kenneth Jones


_____
Michael Jones

EXHIBIT A
TO SETTLEMENT AGREEMENT

Eureka Capital, LLC
Aaron Capital, LLC
Aaron Securities, Inc.
B&D Mortgage, LLC
PPM I, LP
PPM II, LP
PPM III, LP
PPM IV, LP
PPM V, LP
PPM VI, LP
PPM VIII, LP
PPM IX, LP
PPM X, LP
Charter Funding, Inc.
D.S. Wolfe and Associates
PPM Realty

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 464 in case 2:00-CV-02863 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

P. Preston Wilson
GOTTEN WILSON & SAVORY
200 Jefferson Avenue
Ste. 900
Memphis, TN 38103

J. Alan Hanover
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Stephen Smith
3904 Auburn Rd
Phonix City, AL 36870

Jonathan P. Lakey
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Harold E. Smith
4824 Stone Park Blvd
Olive Branch, MS 38654

Gordon B. Olswing
CHARLES R. PERKINS LAW OFFICES
100 N. Main
Suite 2626
Memphis, TN 38103

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Richard J. Pober
POBER ROSS & PASQUINI
P.O. Box 710
Westport, CT 06881

Charles R. Perkins
LAW OFFICE OF CHARLES R. PERKINS
100 N. Main St.
Ste. 2626
Memphis, TN 38103

Dave W. Dogan
7191 Kingsland
Memphis, TN 38125

Jeffrey K. Fleishmann
WYATT TARRANT & COMBS, LLP- Memphis
1715 Aaron Brenner Dr.
Ste. 800
Memphis, TN 38120

James R. Newsom
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Seymour S. Rosenberg
ROSENBERG LAW OFFICE
P.O. Box 3351
Memphis, TN 38173--335

John K. Walsh
HARRIS SHELTON HANOVER WALSH, PLLC
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT